FILED

2020 Dec-09  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| JENNIFER WHALEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. |
| NICK WELDON, | ) | |
| DAVID SMITH, & | ) | |
| KEVIN AKINS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff complains of defendants, stating as follows:

### Introduction

1.     Plaintiff, a woman and formerly a sergeant at the Dekalb County Jail, was raped while attending jail training in Cullman, Alabama. Defendants, Dekalb County Sheriff Nick Weldon and Jail Administrator David Smith, then terminated plaintiff's employment for reasons related to the rape. The termination violated Title VII and 42 U.S.C. § 1983 and the U.S. Constitution.

### Jurisdiction

2.     The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1331 because it involves a federal question.

### Parties

3.     Plaintiff Jennifer Whaley is an individual residing in Dekalb County, Alabama.

4.     Nick Weldon is an individual residing in Dekalb County, Alabama, and

was the Dekalb County Sheriff at all relevant times.

5.  David Smith is an individual residing in Dekalb County, Alabama, and was the Dekalb County Jail Administrator under Weldon at all relevant times.

6.  Defendant Kevin Akins is an individual residing in Dekalb County, Alabama, and was plaintiff's direct supervisor at the Dekalb County Jail at all relevant times.

7.  Defendants are being sued in their individual capacities only.  Plaintiff has filed an EEOC charge against Weldon in his official capacity and will add this claim once it is administratively exhausted.

## Facts

8.  Plaintiff is a woman.

9.  Plaintiff was employed at the jail from July 2016 to October 18, 2019, most recently as a sergeant.

10.  Defendant Weldon took office in January 2019 and put defendant Smith in the Jail Administrator position at that time.

11.  Plaintiff had a spotless employment record for defendants.

12.  Defendants quickly recognized plaintiff as an outstanding officer and promoted plaintiff to sergeant in April 2019.

13.  Plaintiff performed excellently as sergeant.

14.  Plaintiff received regular praise for her work from persons inside and outside of the jail, including defendants.

15.  On September 15, 2019, plaintiff was raped in Cullman, Alabama in a hotel room while attending jail training. The person who raped plaintiff was also attending the conference. He was a jailer at Ft. Payne City Jail.

2

16.    On October 18, 2019, defendants Smith terminated plaintiff's employment.

17.    The decision to fire plaintiff was made by Akins, Smith, and Weldon.

18.    Defendants are personal friends of plaintiff's rapist.

19.    Defendants fired plaintiff because of the rape allegations made by plaintiff, including the fact that plaintiff was pursuing criminal charges against the rapist.

20.    Defendants terminated plaintiff in whole or in part to help the male perpetrator.

21.    Defendants believed terminating plaintiff would undermine plaintiff's credibility in any future criminal case.

22.    Defendants terminated plaintiff in whole or in part because of discriminatory attitudes and assumptions about women who make rape allegations.

23.    Defendants believed plaintiff must have been to blame for the rape.

24.    Defendants terminated plaintiff in whole or in part because they were friends with the rapist and they wanted her to suffer job consequences like the rapist, who lost his jailer job.

25.    Defendants believed they were helping the rapist get even by firing plaintiff.

26.    Defendants replaced plaintiff with a man.

### Count I - Equal Protection - Sex Discrimination

27.    As explained above, the individual defendants, acting under color of state law, intentionally and purposefully discriminated against plaintiff by depriving plaintiff of rights guaranteed to plaintiff by the United States Constitution and 42 U.S.C. § 1983.  Specifically, defendants discriminated against plaintiff based on sex

in violation of plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

28.    The individual defendants' discriminatory actions were performed with malice and/or done with reckless disregard for plaintiff's federally-protected civil rights.

29.    The conduct of defendants proximately caused injury and damage to plaintiff, including the following:

   a.    plaintiff was and will be caused to suffer emotional distress, embarrassment, humiliation, anxiety, and concern;

   b.    plaintiff was and will be caused to lose wages and other benefits;

   c.    plaintiff has been deprived of opportunities for increased salary, responsibilities, opportunities for advancement and other benefits of employment.

   d.    plaintiff's reputation was damaged; and

   e.    plaintiff's employment record was tarnished.

30.    As relief, plaintiff seeks the following

   a.    appropriate declaratory and injunctive relief, including reinstatement (or front pay in lieu of reinstatement);

   b.    back pay and benefits;

   c.    compensatory damages;

   d.    punitive damages against the individual defendants;

   e.    prejudgment and postjudgment interest at the highest rates allowed by law;

   f.    costs, expert witness fees, and reasonable attorney's fees;

g.    an amount to compensate plaintiff for any adverse tax consequences as a result of a favorable judgment; and

h.    such other and further relief to which plaintiff is justly entitled.

## Count II - Retaliation for Exercising First Amendment Rights - 42 U.S.C. §1983

31.    Defendants, acting under color of state law, intentionally and purposefully discriminated against plaintiff by depriving plaintiff of rights guaranteed to plaintiff by the United States Constitution and 42 U.S.C. § 1983. Specifically, defendants retaliated against plaintiff based plaintiff's exercise of her protected right to seek redress of grievances in violation of plaintiff's rights under the First Amendment.

32.    Defendants' actions were performed with malice and/or done with reckless disregard for plaintiff's federally-protected civil rights.

33.    The conduct of defendants proximately caused injury and damage to plaintiff, including the following:

a.    plaintiff was and will be caused to suffer emotional distress, embarrassment, humiliation, anxiety, and concern;

b.    plaintiff was and will be caused to lose wages and other benefits;

c.    plaintiff has been deprived of opportunities for increased salary, responsibilities, opportunities for advancement and other benefits of employment.

d.    plaintiff's reputation was damaged; and

e.    plaintiff's employment record was tarnished.

34.    As relief, plaintiff seeks the following

a.    appropriate declaratory and injunctive relief, including reinstatement (or front pay in lieu of reinstatement);

b.   back pay and benefits;

c.   compensatory damages;

d.   punitive damages against the individual defendants;

e.   prejudgment and postjudgment interest at the highest rates allowed by law;

f.   costs, expert witness fees, and reasonable attorney's fees;

g.   an amount to compensate plaintiff for any adverse tax consequences as a result of a favorable judgment; and

h.   such other and further relief to which plaintiff is justly entitled.

**Dated: December 9, 2020.**

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III